IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| METROPOLITAN PROPERTY & CASUALTY INSURANCE COMPANY, | |
| Plaintiff, | Docket No.: |
| v. | Judge: |
| LESLY NOLASCO d/b/a JOYERIA Y PERFUMERIA LESLY, | Magistrate: |
| MJC INSURANCE GROUP, LLC, | |
| LEON WRIGHT, | |
| Defendants. | |

## COMPLAINT

Comes now Metropolitan Property & Casualty Insurance Company ("Metropolitan") and for its Complaint, states as follows:

### Parties

1. Plaintiff Metropolitan is an insurance company organized under the laws of the State of Rhode Island with its principal place of business in Warwick, Rhode Island.

2. The Defendant Lesly Nolasco d/b/a Joyeria Y Perfumeria Lesly ("Lesly") is a Tennessee resident operating a jewelry/pawn/community banking business in Antioch (Davidson County), Tennessee.

1

3. The Defendant MJC Insurance Group, LLC ("MJC") is a limited liability company organized to do business in the State of Tennessee with its principal place of business in Brentwood (Williamson County), Tennessee.

4. The Defendant Leon Wright is a Tennessee resident doing business as an insurance agent with MJC in Brentwood (Williamson County), Tennessee.

## Jurisdiction

5. There exists complete diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, without interest or costs, exceeds the sum or the value specified by 28 U.S.C. § 1332.

6. In addition to seeking a monetary award for damages, Metropolitan seeks a Declaratory Judgment of the rights and duties of the parties under the policy of insurance, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

## Factual Background

7. Lesly operates a business at 2761 Murfreesboro Pike, Suite 204, Antioch, Tennessee 37013 as a sole proprietorship.

8. Lesly had procured insurance coverage with another insurance carrier for her business through MJC and Leon Wright prior to 2018.

2

9. On or about October 28, 2018 MJC and Wright submitted an application on behalf of Lesley for a Business Owner Policy to Metropolitan. In the application MJC and Wright entered the following class code for Lesly's business; 59715 – jewelry – retail costume (policy attached as <u>Exhibit 1</u>).

10. On or about July 14, 2019, Lesly submitted a claim under the policy for a burglary and theft. Lesly submitted the claim for a total loss of five hundred thirty-eight thousand one hundred forty-seven dollars ($538,147.00). This claim included twenty-five thousand dollars ($25,000.00) in cash, three hundred dollars ($300.00) in coins, pawned jewelry totaling fifty thousand four hundred thirty-five dollars ($50,435.00), over four hundred thousand dollars ($400,000.00) in jewelry, two (2) safes, a camera system, and other damages. This claim far exceeds the coverage and limits of the policy.

11. During the investigation of the claim, Metropolitan learned that Lesly was not operating a costume jewelry store but was in fact operating a jewelry-retail store dealing in thousands of dollars in 14 karat gold jewelry and other items.

12. Metropolitan's investigation also disclosed she was operating an unlicensed pawn shop, loaning customers money and holding jewelry and gold as security until the loans were repaid.

3

13. Lesly also was operating a "tanda," which, by information and belief, operates like a community bank where money is put in by several individuals and held for a period of time to be distributed later.

14. The information submitted by MJC and Wright in the application was a misrepresentation of the business operated byLesly and it materially increased the risk of loss to Metropolitan as Lesly was not operating a retail costume jewelry store.

15. Metropolitan relied on the information provided by MJC and Wright when issuing the policy to Lesly. MJC and Wright had a duty to submit accurate information to Metropolitan to evaluate the risk. MJC and Wright breached that duty and are liable for the damages caused by their negligence and breach.

16. If MJC and Wright had properly informed Metropolitan of the nature of Lesly's jewelry business, and that the pawn business and "tanda" were in operation on the same premises, Metropolitan would not have insured the property.

17. Based on Metropolitan's investigation, either MJC or Wright did not disclose the true nature of the risk to Metropolitan, or Lesly did not describe the true nature of the risk to MJC and Wright. Under either scenario, Metropolitan relied on incorrect information provided by MJC and Wright in

4

issuing the policy that would not have been issued if the correct information had been provided. Thus, an actual controversy exists among the parties.

18. The misrepresentations submitted by MJC and Wright to Metropolitan increased the risk of loss and were made with actual intent to deceive. Pursuant to T.C.A. § 56-7-103, the policy is defective or void.

19. In good faith, and based on the terms of the policy issued, Metropolitan has paid Lesly forty-nine thousand one hundred one dollar ($49,101.00) as the total amount owing under the policy after applying the appropriate limits. In addition, Lesly made a claim for business interruption, but based on the information provided, it has been determined that she suffered no covered business interruption loss.

20. In addition to the amount paid to Lesly, Metropolitan has incurred extensive costs and fees in investigating this matter, including, but not limited to, attorney's fees, investigators, court reporters, and accountant fees. In total, Metropolitan has expended over seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as a result of the negligence or intentional omission by MJC and Wright in providing incorrect information to Metropolitan. Metropolitan is

entitled to reimbursement from MJC and/or Wright for the amount paid to Lesly and the expenses and costs incurred.

**WHEREFORE**, Metropolitan prays this Court:

1. Determine that the policy is void *ab initio* and thereby rescinded;
2. Otherwise declare the rights and duties of the parties under these circumstances and under the policy;
3. Award a judgment against MJC and/or Wright for the amount paid to Lesly under the policy and for the costs and expenses incurred in an amount not less than seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as a result of the negligent or intentional omission of information in procuring the policy on Lesly's behalf, and for any additional amount owed to Lesly found by this Court; and
4. For such other, further, and general relief as this Court may deem appropriate.

6

Respectfully submitted,

/S/Michael P. Mills
**MICHAEL P. MILLS, BPR #10551**
MILLS & COOPER
Attorneys for Plaintiff
1896 General George Patton Drive
Suite 700
Franklin, TN 37067
615-221-8218
Michaelmills@millscooper.
comcastbiz.net

7